USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 10 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK,<br><br>           Defendant. | **STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**<br><br>17 Civ. 0346 (RA) |

**WHEREAS**, this Stipulation and Order of Settlement and Dismissal ("the Stipulation") resolves a civil action brought by Plaintiff United States against Defendant the City of New York ("City of New York"), to enforce the provisions of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, and its implementing regulations, 28 C.F.R. Part 35 (the "ADA");

**WHEREAS**, the United States alleges that the City of New York, through the New York City Police Department ("NYPD"), discriminated against Raymond Parker, Jr. ("Parker"), a person with a disability, in violation of 42 U.S.C. § 12102, by failing to hire an individual living with the Human Immunodeficiency Virus ("HIV") because of his disability;

**WHEREAS**, the City of New York filed an Answer in this action on February 15, 2017, in which it denied all liability arising out of the allegations in the United States' complaint;

**WHEREAS**, this matter was initiated by the charge filed by Parker (Charge Number 520-2014-03370) with the United States Equal Employment Opportunity Commission ("EEOC") on August 26, 2014;

**WHEREAS**, the EEOC investigated Parker's charge and found reasonable cause to believe that the allegations of discrimination on the basis of disability were true, and after the

EEOC's and the City of New York's attempts at conciliation were unsuccessful, the EEOC referred the charge to the United States Department of Justice;

**WHEREAS**, the City of New York acknowledges that the ADA prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures and hiring;

**WHEREAS**, the United States and the City of New York (collectively, "the parties") have reached agreement that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this action on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Stipulation without trial or adjudication of any issues of fact or law raised in the United States' Complaint or in the City of New York's Answer;

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331, 1343(a)(4), 1345. The parties agree that venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1)-(2).

2. The United States has authority to initiate legal proceedings to enforce Title I of the ADA through litigation. 42 U.S.C. § 12117.

3. The City of New York is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), an employer within the meaning of 42 U.S.C. § 12111(5) and 2000e(b), and a covered entity within the meaning of 42 U.S.C. § 12111(2).

4. The effective date of this Stipulation is the date on which the Court enters the Stipulation. This Stipulation shall remain in effect for two years from its effective date. The

Court shall retain jurisdiction to enforce this Stipulation.

**INJUNCTIVE RELIEF**

5. The NYPD, by and through its officials, agents, employees, and all persons in active concert or participation with NYPD in the performance of employment or personnel functions, shall not engage in any act or practice that discriminates against any applicant for employment on the basis of disability in violation of Title I of the ADA.

6. The NYPD will provide training on Title I of the ADA, including the duty to provide reasonable accommodations to: (i) all NYPD employees in the Medical Assessment Section of the NYPD who participate in the medical assessment of candidates within ninety (90) days of the effective date of this Stipulation; and (ii) all NYPD employees who are thereafter assigned to the Medical Assessment Section within thirty (30) days of their assignment to the Medical Assessment Section.

7. Within one hundred (100) days of the effective date of this Stipulation, the NYPD shall provide to the United States a certification that all NYPD employees in the Medical Assessment Section participated in training on Title I of the ADA, the date(s) of the training(s), a copy of the attendance log reflecting the date(s) of the training(s) and the names and job titles of the employees of the NYPD Medical Assessment Section who attended the training(s), and a copy of the materials used for the training(s). Thereafter, the NYPD shall provide such certification for any employees subsequently assigned to the Medical Assessment Section within thirty (30) days of the end of each 12-month period after the effective date of this Stipulation. The certifications required by this paragraph shall be sent to the United States by first-class mail (United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007;

attention: (1) Chief, Civil Rights Unit; (2) AUSA Natasha W. Teleanu), and facsimile (212-637-2786; attention: (1) Chief, Civil Rights Unit; (2) AUSA Natasha W. Teleanu).

8. Starting six months after the effective date of this Stipulation, and every six months thereafter during the term of this Stipulation, which is two years, as set forth in paragraph 4 above, the NYPD shall provide a written report to the United States that shall reflect, to the NYPD's knowledge, the existence of any lawsuit, charge of discrimination filed with the EEOC, complaint filed with the New York State Division of Human Rights, complaint filed with the New York City Commission on Human Rights, or complaint filed with the NYPD's Office of Equal Employment Opportunity, in which it is alleged that the NYPD either disqualified an applicant from employment or did not hire that applicant because that person has Human Immunodeficiency Virus or Acquired Immunodeficiency Syndrome. The report shall include, at a minimum, a description of the nature of the allegation, and the name of the individual making the allegation, unless that person requested that his/her identity be kept confidential and has filed an action or proceeding or complaint under a pseudonym, such as John Doe or Jane Doe, and the docket number, charge number or complaint number, if any. The written reports required by this paragraph shall be sent to the United States by first-class mail (United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007; attention: (1) Chief, Civil Rights Unit; (2) AUSA Natasha W. Teleanu), and facsimile (212-637-2786; attention: (1) Chief, Civil Rights Unit; (2) AUSA Natasha W. Teleanu).

**INDIVIDUAL RELIEF**

9. By letter dated February 3, 2017, the NYPD informed Parker that his application for the position of Police Communications Technician ("PCT") had been reopened for further

processing and consideration. In that letter, the NYPD also advised Parker that the letter constituted a conditional offer of employment, contingent upon Parker's successful completion of the required background/character investigation, medical screening, including a hair test for drugs, and psychological evaluation. The United States agrees that this letter constitutes a conditional offer of employment to Parker.

10. Parker and his attorneys shall execute the following documents: (1) a General Release executed by Parker; (2) an Affidavit Concerning Liens executed by Parker; (3) a Substitute Form W-9 executed by Parker; and (4) a Substitute Form W-9 executed by Parker's attorneys, Fisher Taubenfeld LLP.

11. Within 90 days of the receipt by the attorney for defendant City of New York of the documents described in paragraph 10, the City of New York will make the following two payments: (1) fifty-five thousand dollars and no cents ($55,000.00) to Parker; and (2) thirty thousand dollars and no cents ($30,000.00) to Parker's attorneys, Fisher Taubenfeld LLP, as attorney's fees, costs and disbursements. The payment to Parker shall be made in a check payable to Raymond Parker, Jr. and the payment to Parker's attorneys shall be made in a check payable to Fisher Taubenfeld LLP. Both checks shall be sent to Fisher Taubenfeld LLP, attention: Liane Fisher.

12. The NYPD acknowledges that its medical disqualification of Parker for the position of PCT on December 3, 2013 for "HIV low CD4 count" was in error.

**ENFORCEMENT**

13. During the period that this Stipulation remains in effect, the United States may review compliance with this Stipulation at any time and may enforce this Stipulation if the United

States believes that any of the requirements set forth in paragraphs 6, 7, 8, 11, or 17 of this Stipulation have been violated. In the event that the United States believes a violation of one of the requirements set forth in paragraphs 6, 7, 8, 11, or 17 has been violated, it will raise its concerns with the City of New York and the parties will attempt to resolve the concerns in good faith. The United States will provide the City of New York with thirty (30) days to cure the claimed violation prior to instituting any court action, starting from the date that the United States notifies the City of New York of any claimed violation of this Stipulation.

14.    Failure by the United States to enforce any provision of this Stipulation shall not be construed as a waiver of the United States' right to enforce other provisions of this Stipulation.

15.    This Stipulation does not purport to remedy any other potential violations of the ADA or any other law that is not specifically addressed herein, nor does it affect the City of New York's continuing responsibility to comply with all provisions of the ADA.

16.    This Stipulation constitutes the entire agreement between the parties. No other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Stipulation shall be enforceable.

17.    This Stipulation shall be binding on the City of New York, its agents and employees.

18.    The individuals signing this Stipulation represent that they are authorized to bind the parties to this Stipulation.

Dated: New York, New York
April ±, 2017

             JOON H. KIM
             Acting United States Attorney for the
             Southern District of New York
             *Attorney for the United States of America*

By: [signature]

             NATASHA W. TELEANU
             Assistant United States Attorney
             86 Chambers Street, 3rd Floor
             New York, New York 10007
             Tel. No.: (212) 637-2528
             Fax No.: (212) 637-2786
             Email: natasha.teleanu@usdoj.gov


Dated: New York, New York
April 7, 2017

             ZACHARY W. CARTER
             Corporation Counsel of the City of New York
             Attorney for Defendant
             100 Church Street, Room 2-101
             New York, New York 10007
             (212) 356-2432
             pmarks@law.nyc.gov

By: [signature]

             PAUL MARKS
             Assistant Corporation Counsel


SO ORDERED:

[signature]

HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

4/10/17        JS